## LORD MFG. CO. v. COLLISSON.
### Civ. A. No. 75.

District Court, W. D. Pennsylvania, at Erie.
Aug. 14, 1945.

80

W. Pitt Gifford and Hugh C. Lord, both of Erie, Pa., and Jo Baily Brown, of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Attorney, of Pittsburgh, Pa., for Western District of Pennsylvania, Rawlings Ragland, of Washington, D. C., Acting Head, Claims Dept. John Frank, of Washington, D. C., Atty. Dept. of Justice, and Lt. Edmund Doyle, U. S. N., of Cincinnati, Ohio, for defendant.

GIBSON, District Judge.

The Lord Manufacturing Company, plaintiff, brings this action for a preliminary injunction to restrain N. H. Collisson, defendant, from transferring or seizing certain property of the Lord Manufacturing Company not already seized. The defendant, in turn, has filed a Motion for Dismissal or Summary Judgment.

On argument of these motions, these facts appeared:

Lord Manufacturing Company is engaged in the manufacture of certain vibration-proof hinges and mountings used in aircraft. Due to a dispute between the United States and the plaintiff as to the price to be charged for plaintiff's product, the President of the United States exercised the powers granted by Title VIII of the Revenue Act of 1943, 50 U.S.C.A. Appendix, § 1192 and Section 9 of the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 309, and issued an Executive Order directing seizure of the plaintiff's plant. Executive Order 9493, 9 Fed.Reg. 12860, October 24, 1944. This order directed the Secretary of the Navy to take over plaintiff's plant and facilities at Erie, Pennsylvania, and to take over facilities used in connection with the main operation "to the extent that he may deem necessary."

On October 25, 1944, Naval Officers, under Executive Order, seized plaintiff's plant at Erie. Plaintiff had substantial amounts of machinery at other places which were operated by independent subcontractors, making parts used in plaintiff's final product. (See No. 6, Findings of Fact.) This machinery was not seized, and it is the status of this machinery which is in dispute in this case.

The Navy Department continued the same arrangement with the subcontractors that plaintiff had made, but cancellation of contracts with these subcontractors made some of the outside machinery idle.

Defendant Collisson, nine months after the seizure, has ordered the transfer of certain machinery located at the Lovell Manufacturing Company, one of the subcontractors, to the plaintiff's plant. Plaintiff also contends that defendant has leased certain of plaintiff's machinery located at the Metric Metal Works, another subcontractor, to third parties outside the Metric Metal Works plant. Defendant admits that he will take such other machinery owned by plaintiff from the subcontractors as he may need it for use in connection with the main plant. Thus the controversy depends upon defendant's right to control the outside machinery.

The defendant has proceeded, and is proposing to further proceed, without lawful authority in its claim over the property of plaintiff not definitely seized. In coming to such conclusion the court is *not* putting any forced construction upon the Executive Order, by which the United States and its agents would be precluded from seizure of any of plaintiff's property not seized and described in the first exercise of power under the Order. The Government, with reasonable promptitude, might have included in the seizure any property of plaintiff necessary for the war effort. Whether a delay of nine months, and the recognition of the limited rights of subcontractors in the meantime, discloses such reasonable promptitude is hardly open to question. But be that as it may, it is not the actual question involved in the instant case.

If the defendant were now claiming a seizure at or within a reasonable time after October 25, 1944, or even if he claimed a seizure as of the present, a different controversy would be before the court than actually exists. The contention of defendant is not that any seizure did exist or

now exists. His claim is that he has the right, by virtue of the original Order, to require plaintiff to hold all its property in the hands (or formerly in the hands) of subcontractors subject to his orders, and that he, without formal seizure, may require delivery of parts of it to him *if and when he may need them* for use in the main plant. By his contention he proposes to deny all use of the property to plaintiff, although making it liable for its preservation, in order that he later may, or may not, obtain a part of it for use in the main plant.

■■ The defendant's position is without authority of law. When the United States requires real estate it files its petition to condemn it, thereby making itself liable to the owner for its value. When it seizes a plant, as in the instant case, it is required to do so in such manner as to make itself liable for the preservation of the property taken over and to make it plain just what property has been seized. If property, even though described, has not been taken over and the United States has never entered into possession of it, no liability for its seizure exists. See Marion & R. V. Ry. Co. v. United States, 270 U.S. 280, 46 S.Ct. 253, 70 L.Ed. 585. In the instant case the Navy Department never took possession of the property in the hands of subcontractors, but continued to deal with the said subcontractors and the owners in apparent recognition of their rights and in substantial admission that it was not part of the seized property.

The defendant, in addition to his rather tenuous claim of right under the original order, has presented several defenses along technical lines.

He contends that this is a suit against the United States, which cannot be made a party; also that plaintiff has a remedy at law by suit in the Court of Claims against the United States; also that defendant's superiors, not joined, are essential parties.

■ This action is not against the United States. The charge is that defendant has wrongfully invaded the property rights of plaintiff, and the remedy is to be sought in equity to restrain him. See Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570; Lane v. Watts, 234 U.S. 525, 34 S.Ct. 965, 58 L.Ed. 1440; Payne v. Central Pac. Ry. Co., 255 U.S. 228, 41 S.Ct. 314, 65 L.Ed. 598;

Ickes v. Fox, 300 U.S. 82, 97, 57 S.Ct. 412, 81 L.Ed. 525.

■ The superiors of defendant are not essential parties. This is the active officer in charge of the work. He and his superiors are acting without lawful authority. Each of them may be liable, and individually liable, but that does not mean that all must be joined, particularly when the effect of the joinder would defeat the action by reason of inability to serve some of the parties. Acting as he has been without lawful authority no need for joinder of superiors is required.

Some time was consumed by counsel in argument in connection with an agreement entered into by defendant and plaintiff after the seizure of the plant. That agreement related to property desired neither by plaintiff nor defendant for use in the plant, and by it the plaintiff was allowed to sell the property in question and the United States was relieved of any claim for liability therefor. The defendant points to it and says that plaintiff might obtain leave to sell certain of the property originally in the hands of subcontractors if it will apply to defendant and obtain permission to do so. The answer is that it might or might not obtain the permission and in any event is not required to ask such permission where defendant is acting without authority of law. This agreement is of no particular moment in the instant action.

The motion for a preliminary injunction will be granted.